51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone Victor HARDIN, Plaintiff-Appellant,
v.
Michael FOX, et al., Defendants-Appellees.
 No. 94-1909.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Tyrone Victor Hardin, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Hardin sued multiple prison officials in their individual and official capacities. Hardin alleged that he was improperly deprived of a typewriter ribbon, that he was subjected to retaliation for his litigious activities, and that his due process rights were violated when he was not present during a disciplinary hearing. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Hardin's brief is construed as arguing that: 1) the district court erred in denying his motion to join additional defendants; 2) genuine issues of fact prevent summary judgment from being granted for defendants; 3) state remedies were not available so he could be reimbursed for his lost typewriter ribbon; 4) the disciplinary committee deprived him of his due process rights; and 5) he was subjected to retaliation for filing grievances. Hardin requests oral argument, leave to proceed in forma pauperis, and appointed counsel.
 
 
 5
 This court's review of an order granting summary judgment is de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we affirm the district court's order as to the loss of Hardin's typewriter ribbon, but vacate and remand the district court's judgment as to Hardin's joinder, due process, and retaliation claims.
 
 
 7
 Hardin contends that the decision of Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986), is not applicable to the loss of his typewriter ribbon. Hardin argues that the loss of the ribbon was made pursuant to a state policy and that he does not have adequate post-deprivation remedies. Hardin has provided no evidence that the loss of the typewriter ribbon was made pursuant to a state policy. Further, Hardin may seek reimbursement for the lost ribbon through the state courts of Michigan. See Mich.Comp.Laws Ann. Sec. 600.8401(1). Therefore, the district court properly granted summary judgment for the defendants as to the loss of Hardin's typewriter ribbon. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 8
 The district court erroneously denied Hardin's motion to join two defendants pursuant to Fed.R.Civ.P. 19. Hardin moved to join two prison guards as defendants. The district court denied the motion given the procedural posture of the case. The district court's decision is reviewed under the abuse of discretion standard. Keweenaw Bay Indian Community v. Michigan, 11 F.3d 1341, 1346 (6th Cir.1993). We conclude that the district court abused its discretion in denying Hardin's motion as none of the reasons articulated in Rule 19(a) to impede joinder were considered by the district court. Therefore, on remand, the district court is instructed to grant Hardin's motion for joinder.
 
 
 9
 The district court held that Hardin's due process attack on the prison disciplinary hearings was barred by the Parratt doctrine. This holding is incorrect. Actions taken at hearings are not random and unauthorized, but are pursuant to state policy even if the proper procedures are not followed. See Zinermon v. Burch, 494 U.S. 113, 136-38 (1990). Therefore, the Parratt doctrine does not bar consideration of the due process claims.
 
 
 10
 Defendants were not entitled to summary judgment on the issue of whether the disciplinary hearing violated Hardin's due process rights. In Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), the Supreme Court stated that a prisoner, who is facing disciplinary confinement, may not be deprived of his liberty interest unless the inmate receives: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. The facts are in dispute as to whether Hardin had the opportunity to appear before the disciplinary board. Further, the parties dispute whether any hearing was conducted at all regarding Hardin's minor misconduct charge. Therefore, the case is remanded to the district court for further proceedings on Hardin's due process claims.
 
 
 11
 Hardin claims that he was disciplined in retaliation for filing grievances against the defendants. The defendants deny this allegation. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977). In order to prevail on this claim, Hardin must establish that defendants' action constitutes "egregious abuse of governmental power" or that such action otherwise "shocks the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). A defendant's conduct must have a substantially close relationship to the claimed constitutional violation in order to conclude that the defendant subjected the plaintiff to the deprivation of a federally protected right. See Martinez v. California, 444 U.S. 277, 285 (1980). Hardin has presented sufficient evidence to overcome defendants' motion for summary judgment on this issue. Therefore, this issue is remanded back to the district court for further proceedings.
 
 
 12
 Accordingly, we affirm the district court's judgment as to Hardin's claim concerning the loss of the typewriter ribbon. However, we vacate and remand the district court's judgment as to Hardin's joinder, due process, and retaliation claims. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation